UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY McKEOWN,

    Plaintiff,

v.                                                                                          Case No. 05-73244
                                                                                       Hon. Sean F. Cox

DEPUTY PETER HAIRSTON,

    Defendant.

_____

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for judgment on the pleadings or for summary judgment. Both parties have fully briefed the issues, including supplemental briefing, and a hearing was held on April 26, 2007. For the following reasons, the Court **GRANTS** Defendant's Motion for judgment on the pleadings or for summary judgment with respect to Plaintiff's claim under 42 U.S.C. § 1983. Because neither party sought summary judgment, Plaintiff's state law claims remain.

### I. BACKGROUND

This action arises out of Defendant's alleged use of excessive force against Plaintiff while he was arresting another individual. Defendant is a Livingston County Sheriff's Deputy. On April 18, 2004, Plaintiff was having a party at her residence. Defendant responded to a call of excessive noise at Plaintiff's party. When he arrived he encountered Brandon Linton ("Linton"), who Defendant believed was an intoxicated minor. Defendant found one of the homeowners,

James McKeown, Plaintiff's husband, and requested identification. Defendant then followed Linton into an RV trailer on the property.

Defendant arrested Linton and the two exited the trailer. People began to gather around the trailer. When Defendant exited with Linton, Plaintiff approached Defendant to inquire why he was on her property. Defendant physically moved Plaintiff out of the way and she fell to the ground. Plaintiff claims she suffered injuries from the fall.

On August 23, 2005, Plaintiff filed a Complaint alleging: (1) violation of her Fourth Amendment rights; (2) gross negligence; (3) assault and battery; and (4) intentional infliction of emotional distress. On January 29, 2007, Defendant filed the instant Motion for judgment on the pleadings or for summary judgment.

## II. STANDARD OF REVIEW

The same standard applicable to motions pursuant to FRCP 12(b)(6) is applicable to motions for judgment on the pleadings pursuant to FRCP 12(c). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)(citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2001)). "[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claim

##### 1. Was Plaintiff "Seized" for Purposes of the Fourth Amendment?

The parties agree that Defendant used force against Plaintiff to move her out of his way. However, the parties dispute whether Plaintiff was seized within the meaning of the Fourth Amendment. Whether Plaintiff was seized determines under which constitutional right Plaintiff's claim must be analyzed. If a plaintiff's claim does not arise from a search or seizure, the Fourth Amendment is inapplicable. *Ciminillo v. Streicher*, 434 F.3d 461, 464-465 (6th Cir. 2006). "Absent a seizure, an individual injured as a result of police misconduct may pursue a substantive due process claim." *Dunigan v. Noble*, 390 F.3d 486, 492 n.7 (6th Cir. 2004).

There is no dispute in this case that Defendant had physical contact with Plaintiff and that the contact was deliberate. When describing his encounter with Plaintiff, Defendant testified:

> Q. Did you ever come in contact with, or make physical contact with [Plaintiff]?
>
> A. Yes.
>
> Q. And tell us what happened there?
>
> A. I had Mr. Linton in my left hand, she was between myself and my patrol car. **I grasped her forearm thumb up, and moved her to my left**.
>
> Q. So you grasped her forearm and moved her to your left, is that what you described?
>
> A. Yes sir.
>
> Q. And what was the purpose of that?
>
> A. **So that I can distance myself from the mob**.

[Response, Exhibit 2, pp.42-43](emphasis added).

As held by the Supreme Court, "not all personal intercourse between policemen and citizens involves 'seizures' of persons...[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Terry v. Ohio*, 392 U.S. 1, 20 (1968). The Court has further held that the Fourth Amendment governs all seizures, even those that "involve only a brief detention short of traditional arrest." *U.S. v. Mendenhall*, 446 U.S. 544, 551 (1980). In *Mendenhall*, the Court reiterated its definition of 'seizure' from *Terry*, but also added that "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id*. at 554.

Plaintiff argues that Defendant's use of physical force to move her out of the way was

sufficient to constitute a seizure. However, Plaintiff does not demonstrate how Defendant's contact with her would lead a reasonable person to believe she was not free to leave. Plaintiff does not allege that she was the subject of an investigation or that Defendant gave her any orders that restrained her movement. In fact, Plaintiff testified that Defendant pushed her merely to "get [her] out of the way." [Motion, Exhibit 2, p.44, 46]. Plaintiff does not allege that she believed she was being detained in any way. According to Plaintiff, after Defendant pushed her, he left her there. *Id*. at 47.

Although unpublished, the Sixth Circuit held in *Slocum v. Palinkas*, 50 Fed.Appx. 300 (6th Cir. 2002), that an officer did not seize the plaintiff when he pushed him back during the arrest of the plaintiff's brother. The court pointed out that "[n]o effort was made to arrest or otherwise detain" the plaintiff. *Id*. at 302. Similarly, in *McCoy v. Harrison*, 341 F.3d 600 (7th Cir. 2003), the court held that an animal control officer did not seize the plaintiff when he allegedly slapped her and dug his fingernails into her arm. In *McCoy*, the plaintiff testified that after the alleged altercation, the defendant let her go and walked away. *Id*. at 606. The court ruled that there was no evidence that the defendant intended to, or did, acquire physical control over the plaintiff; and there was no show of authority or restraint of her movement. Thus, the court determined there was no seizure for purposes of the Fourth Amendment.

Plaintiff relies on *Ciminillo, supra*, to establish that she was seized. 434 F.3d 461. In *Ciminillo*, the plaintiff was in an area where a street party had escalated into a riot. The plaintiff tried to leave the area, but noticed officers randomly firing beanbag shots at the crowd. The plaintiff slowly walked towards officers with his hands above his head. After allowing the plaintiff to advance about ten feet, the defendant shot the plaintiff with a beanbag in the chin and

chest. The plaintiff fell to the ground and officers directed him to stay down; eventually he was told to report to another officer. However, the plaintiff was not arrested. The court ruled that there was a seizure. This case is distinguishable from *Ciminillo* because, in this case, the physical force was not accompanied by an effort to restrain or apprehend Plaintiff. In *Ciminillo*, the district court ruled there was no seizure because the use of force was not accompanied by an effort to restrain or apprehend the plaintiff. The Sixth Circuit disagreed, and ruled that there was an effort to restrain the plaintiff because the plaintiff was attempting to leave when he was shot; after being shot he was told to stay down; and the plaintiff was eventually directed to go to the end of the street and report to another officer. *Id*. at 465-466. In this case, there is no indication that Defendant made any such efforts to restrain Plaintiff.

When viewing all the circumstances surrounding this incident, there is no evidence that an objective person in Plaintiff's position would have believed she was restrained, *i.e.*, she was not free to leave. Plaintiff did not even subjectively believe she was not free to leave based on her testimony. Defendant physically moved Plaintiff out of his way, but did not give any indication that she was not free to leave. Accordingly, Plaintiff was not seized for purposes of the Fourth Amendment.

### 2. Did Defendant Violate Plaintiff's Due Process Rights?

Because Plaintiff was not seized within the meaning of the Fourth Amendment, her excessive force claim must be analyzed pursuant to the substantive component of the Fourteenth Amendment. *Darrah v. City of Oak Park*, 255 F.3d 301, 305-306 (6th Cir. 2001)(citing *County of Sacremento v. Lewis*, 523 U.S. 833, 843-844 (1998)). "[T]he touchstone of due process is protection of the individual against arbitrary action of government * * * [o]ur cases...have

repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 845-846 (1998)(citations omitted). A "substantially higher hurdle" must be surpassed to make a showing of excessive force under the Fourteenth Amendment than under the Fourth Amendment. *Darrah*, 255 F.3d at 306. "The substantive due process rights of the Fourteenth Amendment protect citizens from the arbitrary exercise of governmental power...[t]he test...to determine when governmental conduct reaches this threshold is to ask whether the alleged conduct 'shocks the conscience.'" *Id*. (citation omitted). Whether particular conduct shocks the conscience depends on the facts of the case:

> ... in situations where the implicated government actors are afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action, their actions will be deemed conscience-shocking if they were taken with deliberate indifference towards the plaintiff's federally protected rights. In contradistinction, in a rapidly evolving, fluid, and dangerous predicament which precludes the luxury of calm and reflective pre-response deliberation, public servants' reflexive actions 'shock the conscience' only if they involved force employed 'maliciously and sadistically for the very purpose of causing harm' rather than 'in a good faith effort to maintain or restore discipline.'

*Id*.

In this case, the parties' version of the facts at the time of the incident are different; however, the court must take the facts as alleged by Plaintiff for purposes of this motion. It is undisputed that Plaintiff was not belligerent, agitated, or excited when she approached Defendant. [Response, Exhibit 2, p.41]. There is no dispute that Defendant made physical contact with Plaintiff in order to move her out of his way. [Response, Exhibit 2, p.42]. While Defendant was on the scene responding to noise complaints, he discovered an intoxicated minor and arrested him, but Defendant never sought to arrest Plaintiff. According to Plaintiff,

Defendant shoved her as soon as he exited the trailer with Linton; no crowd had gathered, and no one yelled obscenities at Defendant until after he pushed Plaintiff. [Response, Exhibit 1, pp.46-47].

Assuming these facts to be true, and drawing all possible inferences in Plaintiff's favor, Defendant had at least some time to consider his actions before he moved Plaintiff out of the way. The question then becomes whether his action of pushing Plaintiff out of the way was "taken with deliberate indifference." *Darrah*, 255 F.3d at 306. "Deliberate indifference has been equated with subjective recklessness, and requires the § 1983 plaintiff to show that the state 'official knows of and disregards an excessive risk to the victim's health or safety.'" *Ewolski v. City of Brunswick*, 287 F.3d 492, 513 (6th Cir. 2002)(citation omitted). "Thus, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "Having drawn the inference, the official must act or fail to act in a manner demonstrating 'reckless or callous indifference' toward the individual's rights." *Id*.

Plaintiff distinguishes the cases cited by Defendant by pointing out that the use of force in this case was intentional. Plaintiff argues that she was "an unarmed, inoffensive, non threatening female" when Defendant pushed her to the ground. [Response, p.18]. Plaintiff does not address whether Defendant knew, or should have known, that serious harm could result from pushing Plaintiff out of his way.

In an analogous case, *Slusher v. Carson*, --- F.Supp.2d ----, 2007 WL 1502174 (E.D.Mich. 2007), the court ruled that similar conduct did not 'shock the conscience.' In *Slusher*, a deputy entered the plaintiff's property with a court order allowing the plaintiff's

8

neighbor to remove a tractor that had been illegally stored in the plaintiff's barn by the neighbor's ex-wife. The plaintiff asked to see the court order. After an argument occurred between the plaintiff and the neighbor, the deputy asked for the court order back. The deputy was agitated that the transaction was taking too long. The plaintiff claimed she was not finished reading the court order and refused to give it back to the deputy. The deputy grabbed one of the plaintiff's arms and then grabbed the hand of her other arm and took the court order back. The plaintiff claims that due to a pre-existing condition, she suffered severe injuries to her hand, including the loss of the use of her hand for several months, an impaired range of motion, and loss of grip strength. The court first found, consistent with this court's reasoning above, that there was no seizure under the Fourth Amendment because the deputy did not restrain the plaintiff's freedom to leave. The court went on to analyze the plaintiff's excessive force claim under the due process clause. The court held that under the "deliberate indifference" standard, the deputy's action did not shock the conscience because it was not egregious enough to be "arbitrary in the constitutional sense." *Id*. at *7 (citing *Lewis*, 523 U.S. at 846).

Similarly to *Slusher*, in this case, the act of pushing Plaintiff out of the way as she admittedly approached Defendant, while he was on the way back to his patrol vehicle with an arrestee, does not 'shock the conscience.' Defendant's action was not egregious enough to be found "arbitrary in the constitutional sense." *Lewis, supra*. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim of excessive force.

C.   **State Law Claims**

Neither party made an argument for or against summary judgment with respect to Plaintiff's state law claims. Thus, Plaintiff's state law claims remain.

9

Although there are no federal claims remaining, the court may still exercise jurisdiction. 28 U.S.C. § 1367. "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims...[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). In this case, the federal claims have not dropped out at an "early stage." This case was filed in 2005 and the parties have completed discovery and summary judgment. Accordingly, the Court continues to exercise supplemental jurisdiction over the remaining state law claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for judgment on the pleadings or for summary judgment with respect to Plaintiff's claim under 42 U.S.C. § 1983. Because neither party sought summary judgment, Plaintiff's state law claims remain.

**IT IS SO ORDERED.**

                                        s/Sean F. Cox
                                        **Sean F. Cox**
                                        **United States District Judge**

**Dated: June 15, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2007, by electronic and/or ordinary mail.**

                                        **s/Jennifer Hernandez**
                                        **Case Manager**