UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY McKEOWN,

    Plaintiff,

v.                                                                                   Case No. 05-73244
                                                                                   Hon. Sean F. Cox

DEPUTY PETER HAIRSTON,

    Defendant.

_____

## ORDER REGARDING OBJECTION TO BILL OF TAXABLE COSTS

This matter is before the Court on Plaintiff's Objections to the Bill of Taxable Costs. For the following reasons, the Court grants in part, and denies in part, Plaintiff's Objections to Bill of Taxable Costs. Plaintiff is taxed costs in the amount of $1,416.80.

## I. BACKGROUND

The underlying facts of this case are sufficiently set forth in the parties' Trial Briefs. [Doc. 57 and 60]. Following a jury trial that ended in Defendant's favor, Defendant filed a Bill of Costs on October 25, 2007. On October 31, 2007, Plaintiff filed an objection to the Bill of Costs. The Clerk has not taxed costs.[1] By order of the Court, Defendant filed a Response to Plaintiff's objections on April 30, 2008.

---

[1] Although ordinarily the clerk would fix the costs and then the parties would file objections, "the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk..." *BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 418-419 (6th Cir. 2005).

1

Plaintiff objects to: (1) charges of $382.60 and $207.80 for transcripts of the deposition of Wendy McKeown because the charges include real-time and e-trans; (2) a charge of $1,045.45 for a videotape transcript of the deposition of Philip Friedman, M.D. because it includes fees for expediting and real-time and e-trans; (3) a charge of $132.00 for an excerpt of the trial transcript for September 13, 2007, on the ground that there was no receipt filed and it was an expedited transcript for the convenience of counsel; and (4) a charge of $154.80 for the transcript of Peter Hairston because it includes a charge for postage.

## II. STANDARD OF REVIEW

The basic rule for what costs may be taxed in federal court is provided by 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

"The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *BDT Products, Inc. v. Lexmark International, Inc*., 405 F.3d 415, 419 (6th Cir. 2005). Further, the court may interpret the meaning of items listed in § 1920. *Id.* The party objecting to the costs has the burden of persuading the court that they are improper. *Id.* at 420.

### III. ANALYSIS

#### A. Deposition of Wendy McKeown

Plaintiff objects to the charges of $382.60 and $207.60 because the charges include fees for real-time and e-trans, which Plaintiff argues is for the convenience of counsel and is not necessary. Defendant argues that the deposition transcript was necessary, but appears to concede that the charges for real-time and e-trans are not. The deposition was taken in August 2006, and was used for a motion for summary judgment filed in January 2007. Defendant did not include the charge for attendance in its Bill of Costs.

Defendants submit a rate sheet from the court reporting agency showing the charges for real-time and e-trans, apparently leaving it to the court to calculate what the base charge for the deposition should be. There is no indication that the rate sheet submitted by Defendant shows the rates in effect when Wendy McKeown's deposition was taken in August 2006. In fact, the rates on the rate sheet submitted by Defendant do not correspond with what was charged at the time of the invoice. Accordingly, because the Court is not able to determine what the charge should have been for the two volumes of Wendy McKeown's deposition, this cost will not be allowed. Plaintiff's objection is granted.

#### B. Videotape Deposition of Philip Friedman, M.D.

Plaintiff objects to the charge of $1,045.45 because the charges reflect fees for an expedited transcript Plaintiff claims was for the convenience of counsel. Plaintiff claims that Defendant chose to schedule the deposition for one day before trial. Additionally, Plaintiff contends the charge improperly includes fees for real-time and e-trans, a charge for videotaping, and a charge for next day air delivery. Defendant responds that it scheduled the deposition on

the date that Dr. Friedman was available, and that Defendant could not predict when it would need to have the transcript ready, thus the expedition of the transcript was necessary. Defendant also refers to this Court's Bill of Costs Handbook for the proposition that videotaped depositions are taxable.

Defendant filed its witness list, listing Dr. Friedman as an expert witness, on November 3, 2006. [Doc. 17]. However, he was not deposed until September 11, 2007. The Court finds that Plaintiff should not have to pay any of the fees for expediting the transcript or having it sent overnight. Further, Plaintiff does not have to pay for real-time or e-trans. As discussed above, because there is no indication that the rate sheet submitted by Defendant is an accurate reflection of the rates at the time of the deposition, the cost for the transcript is not taxable. However, the cost for the attendance and videotaping is taxable because the video was used at trial. Accordingly, the charge of $1,045.45 is remitted to $470.00

**C.      Excerpt of September 13, 2007 Trial Transcript**

Plaintiff objects to a charge of $132.00 for an expedited excerpt of the trial transcript involving the testimony of Mark Swankster. Plaintiff contends it was expedited for the convenience of counsel and that there is no receipt.

As a receipt of payment, Defendant submits an email of a check request generated by defense counsel. The email was signed by the court reporter, Marie Metcalf, indicating that the charge of $132.00 for the trial transcript was paid in full. The court finds this is a sufficient receipt in this case, as it is signed by this Court's court reporter. As to the expedited nature of the trial transcript, the Court finds it was necessary and not for the convenience of counsel. Mr. Swankster testified on September 13, 2007, and his testimony was an exhibit to a written motion

4

in limine filed on September 14, 2007. Thus, the charge for $132.00 is taxable.

### D. Deposition Transcript of Peter Hairston

Plaintiff objects to the charge of $154.80 because it includes a fee of $4.05 for postage that Plaintiff claims is not taxable. Plaintiff does not give any basis for eliminating the entire charge.

This Court finds instructive the Bill of Costs Handbook, p.3 B.1.g, which states that court reporter postage or delivery charges are taxable. There is no indication that the postage was for unwarranted expedited shipping. Accordingly, the charge for $154.80 is taxable.

## IV. CONCLUSION

For the foregoing reasons, the Court grants in part, and denies in part, Plaintiff's Objections to Bill of Taxable Costs. Plaintiff is taxed costs in the amount of $1,416.80.

**IT IS SO ORDERED.**


        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated: May 15, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2008, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**